# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| ISMAEL H. PADILLA, ID # 356764, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:22-CV-1695-M (BH) |
| ) | |
| THE STATE OF TEXAS, ) | |
|     Respondent. ) | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION

Based on relevant filings and applicable law, this administratively closed case should be **RE-OPENED**, the petitioner's *"Motion of Request to Obtain Leave of Court and to Proceed In Forma Pauperis, Injunctive Relief and Notify the Court Sanctions are Not Owed to U.S. Dist. Court or 5th Cir. Ct. Of Appeals",* received August 19, 2022 (doc. 5), should be **DENIED**, and the case should be **DISMISSED**.

The petitioner was convicted of aggravated robbery and rape in Cause Nos. F83-88766-UP and F82-90756-RP in Dallas County, Texas, on May 3, 1983, and sentenced to fifty years and twenty years of imprisonment, respectively. *See Padilla v. Stephens*, No. 3:14-CV-295-N-BH, 2014 WL 1016096, at *2 (N.D. Tex. Mar. 14, 2014). He has filed numerous state writs of habeas corpus challenging these convictions as well as the denial of parole, which have been denied on their merits by the Texas Court of Criminal Appeals or dismissed as abuses of the writ. *See id.* (collecting cases). He has also filed multiple federal habeas petitions challenging his convictions and the denial of parole that were either denied on their merits, denied as time-barred, dismissed, or transferred to the Fifth Circuit as successive petitions. *See id.*

The petitioner has been sanctioned and assessed a $100 monetary sanction on at least seven

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings and recommendation.

occasions, and he is barred from filing any further successive challenges to his state convictions for aggravated robbery and rape without payment of all outstanding monetary sanctions, unless he first obtains leave of the court in which he seeks to file his pleadings. *See In re Padilla*, No. 18-90018 (5th Cir. Sept. 5, 2018) (citing *Padilla v. Stephens*, No. 14-10354 (5th Cir. Mar. 10, 2015); *Padilla v. Stephens*, No. 14-10597 (5th Cir. Mar. 6, 2015); *Padilla v. Stephens*, No. 14-10662 (5th Cir. Mar. 4, 2015); *Padilla v. Stephens*, No. 14-10591 (5th Cir. Feb. 10, 2015); *In re Padilla*, No. 14-10344 (July 22, 2014); *Padilla v. Stephens*, No. 14-10473 (5th Cir. June 18, 2014); *In re Padilla*, No. 14-10307 (5th Cir. June 18, 2014)). The Fifth Circuit's sanctions order has been applied in this district to administratively close habeas cases filed by the petitioner in violation of that order. *See Padilla v. Director, TDCJ-CID*, No. 3:22-cv-01579-D-BN (N.D. Tex. Aug. 4, 2022) (quoting *Hernandez Padilla v. United States*, No. 3:19-cv-587-C-BN, 2019 WL 1559588, at *1 (N.D. Tex. Mar. 19, 2019) (citing *In re Padilla*, No. 18-90018), *rec. adopted*, 2019 WL 1556580 (N.D. Tex. Apr. 20, 2019)).

On December 23, 2021, the petitioner filed a *"Motion to Enhance the Lawsuit and Request for Granting of Injunctive Relief"* in a long-closed civil rights case, *Padilla v. Davis*, No. 3:18-CV-549-M (N.D. Tex.). (*See* doc. 3). Because it sought injunctive relief against a defendant who had not been initially named in the civil rights case, and challenged his continued detention, the petitioner's motion was construed as a new habeas action, and it was filed in this new case. (*See* doc. 2.) It was then closed based on the Fifth Circuit's prior sanctions order. (*See* doc. 4.)

The petitioner now seeks leave to proceed with this case, arguing that his convictions and sentences are unconstitutional, and that the imposition of sanctions against him is also unconstitutional. (*See* doc. 5.) He also seeks leave to proceed *in forma pauperis*. He has not shown

2

that he has paid the outstanding sanctions against him. The petitioner's claims that the imposition of sanctions is unconstitutional have recently been rejected in this district, and he was denied leave to proceed with the same type of challenge he asserts in this case based on his abusive and lengthy history of frivolous filings. *See Padilla v. Director*, No. 3:22-cv-583-X-BN, 2022 WL 1446821 (N.D. Tex. Apr. 7, 2022), *rec. adopted*, 2022 WL 1443780 (N.D. Tex. May 6, 2022). His current repetitive attempt to again challenge his convictions or the imposition of sanctions should also be rejected for the same reasons.

This administratively closed case should be **RE-OPENED**, the petitioner's "*Motion of Request to Obtain Leave of Court and to Proceed In Forma Pauperis, Injunctive Relief and Notify the Court Sanctions are Not Owed to U.S. Dist. Court or 5th Cir. Ct. Of Appeals*" should be **DENIED**, and the case should be **DISMISSED**.

**SIGNED this 23rd day of August, 2022.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE